# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NEXT LEVEL PLANNING & WEALTH MANAGEMENT, LLC,**

**Plaintiff,**

v.  Case No. 18-MC-65

**PRUDENTIAL INSURANCE COMPANY OF AMERICA and PRUCO SECURITIES, LLC,**

**Defendants.**

## ORDER

On November 19, 2018, Next Level Planning & Wealth Management, LLC initiated this action, ultimately seeking to quash a subpoena issued by a Financial Industry Regulatory Authority (FINRA) arbitrator at the request of Prudential Insurance Company of America and Pruco Securities, LLC. (ECF No. 1.)

According to Next Level's complaint, "Daniel Fleming and Patrick Maddox were previously affiliated with Prudential and were Registered Representatives of Pruco, but ended their affiliation with Prudential on or about October 13, 2017." (ECF No. 1, ¶ 10.) "Fleming and Maddox thereafter became affiliated with Next Level and are

presently registered representatives of LPL Financial, LLC, the broker-dealer for Next Level." (ECF No. 1, ¶ 11.) "While Fleming and Maddox were affiliated with Prudential, they entered into agreements with Prudential that included restrictions on their ability, after ending their affiliation with Prudential, to solicit customers of Prudential that they serviced or had contact with during their affiliation with Prudential, or to induce or attempt to induce persons associated with Prudential to terminate their affiliation with Prudential." (ECF No. 1, ¶ 15.) These agreements included a provision that disputes be settled by arbitration before FINRA. (ECF No. 1, ¶¶ 16-17.)

"On October 30, 2017, Prudential filed a Statement of Claim initiating an arbitration proceeding before FINRA against Fleming, Maddox and Next Level." (ECF No. 1, ¶ 20.) However, Next Level is not subject to FINRA and has refused to consent to its jurisdiction. (ECF No. 1, ¶¶ 21-23; *see also* ECF No. 1-8.)

"On or about November 2, 2018, Next Level received a non-party Subpoena Duces Tecum, which was issued by an arbitrator in the FINRA Arbitration issued at Prudential's request." (ECF No. 1, ¶ 24; *see also* ECF No. 1-1.) Next Level asks the court to quash the subpoena. (ECF No. 2.) It argues that the subpoena is not authorized under Section 7 of the Federal Arbitration Act. It also argues the subpoena is overbroad and imposes an undue burden on Next Level. Prudential opposes the motion and filed its own motion to enforce the subpoena. (ECF No. 9.)

2

On January 23, 2019, the Honorable Pamela Pepper referred the matter to this court. (ECF No. 12.) The court finds that oral argument is needed with respect to certain preliminary matters. The Clerk shall schedule this matter for a telephonic hearing to discuss this matter. The parties should be prepared to address:

1. The citizenship of the parties. *See, e.g., Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

2. The basis for the plaintiff's assertion that the amount in controversy exceeds $75,000. *See, e.g., Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

3. Whether this declaratory judgment action is appropriate, *see, e.g., Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577-78 (7th Cir. 1994), or whether this dispute should be resolved under § 7 of the FAA by way of a petition brought by Prudential Insurance Company of America and Pruco Securities, LLC in "the district in which such arbitrators, or a majority of them are sitting …," 9 U.S.C. § 7.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 4th day of February, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge