UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NEXT LEVEL PLANNING & WEALTH MANAGEMENT, LLC,

        Plaintiff,

  v.                                      Case No. 18-mc-65-pp

PRUDENTIAL INSURANCE CO. OF AMERICA,
and PRUCO SECURITIES, LLC,

        Defendants.

**ORDER ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 18) AND DISMISSING CASE**

On November 19, 2018, the plaintiff filed a complaint asking the court to quash a subpoena it had received from an arbitration panel of the Financial Industry Regulatory Authority, and to declare the subpoena unauthorized and unenforceable. Dkt. No. 1. The plaintiff also filed a motion to quash the subpoena. Dkt. No. 2. The defendants answered the complaint, dkt. no. 8, and filed a cross motion to enforce the subpoena, dkt. no. 9. On January 23, 2019, this court referred the case to Magistrate Judge William E. Duffin for a recommendation. Dkt. No. 12. Post-briefing, Judge Duffin heard oral argument from the parties. Dkt. No. 16. Five days later, he issued an order and report, concluding that the arbitrator did not have the authority to issue the subpoena; he granted the motion to quash, and recommended that the court dismiss the complaint as moot. Dkt. Nos. 17-18. Neither party objected.

Under Federal Rule of Civil Procedure 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). This court decides only whether Judge Duffin's conclusions are clearly erroneous. They are not.

Judge Duffin first considered whether he had subject-matter jurisdiction. Dkt. No. 17 at 3. Noting that §7 of the Federal Arbitration Act, 9 U.S.C. §7, allowed a party seeking enforcement of an arbitrator's subpoena to do so only in the district in which the arbitrators (or the majority of them) sat, and that the subpoena was issued in Chicago (which is in the Northern District of Illinois), Judge Duffin held a hearing to find out where the arbitrators would be sitting. Id. Learning that that the arbitration would take place here in the Eastern District of Wisconsin, Judge Duffin was satisfied that venue was proper (although he observed that §7 of the FAA authorized only the issuer of the subpoena to file an action seeking enforcement; here the *recipient* of the subpoena filed to quash the subpoena).

The venue question answered, Judge Duffin then turned to whether he—a federal district court—had subject-matter jurisdiction to decide an action to enforce an arbitrator's subpoena. Id. at 4. The plaintiff had alleged that the court had diversity jurisdiction, but Judge Duffin noted that the complaint hadn't identified the citizenship of all the members of the plaintiff, an LLC. Id. He learned at the hearing that the plaintiff had two members, both citizens of Wisconsin, id., and while Judge Duffin didn't mention it in his

2

recommendation, the complaint indicates that the defendant is a New Jersey citizen, dkt. no. 1 at 2. The trickier question was whether the jurisdictional amount prong of the diversity test had been satisfied, given that the plaintiff was seeking declaratory relief. Dkt. No. 17 at 4-5. After discussing several ways of valuing the relief the plaintiff was requesting, Judge Duffin concluded that the defendant's ability to prove its claim might be impacted by the information it sought through the subpoena, and the parties appeared to agree that that claim involved at least $75,000. Id. at 5. Accordingly, Judge Duffin concluded that the court has diversity jurisdiction under 28 U.S.C. §1332(a). Id. That conclusion was not clearly erroneous.

Moving to the merits, Judge Duffin construed the complaint as an action under §7 of the FAA, and noted a split in the circuit courts of appeal "as to whether an arbitrator may compel a non-party to produce documents in advance of a hearing." Id. at 7. Judge Duffin observed that the Sixth and Eighth Circuits had enforced such subpoenas, while the Second and Third Circuits had declined to find such a "power-by-implication." Id. at 8 (comparing Am. Fed'n of TV and Radio Artists v. WJBK-TV, 164 F.3d 1004, 1009 (6th Cir. 1999) and Sec. Life Ins. Co. of Am. v. Duncanson & Holt (in Re Sec. Life Ins. Co. of Am.), 228 F.3d 865, 869 (8th Cir. 2000) with Hay Grp., Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 408 (3d Cir. 2004); Life Receivables Tr. v. Syndicate 102 at Lloyd's of London, 549 F.3d 210 216 (2d Cir. 2008)).

Judge Duffin recounted that while the Seventh Circuit has not addressed the issue, district courts within this circuit have adopted the Second and Third

3

Circuit reasoning. Id. at 9 (citing Ware v. C.D. Peacock, Inc., No. 10 C 2587, 2010 WL 1856021 at *3 (N.D. Ill. May 7, 2010); Matria Healthcare, LLC v. Duthie, 584 F.Supp. 2d 1078, 1083 (N.D. Ill. 2008). Judge Duffin agreed with the reasoning employed by those courts. Id. at 9. Quoting the language of §7, he noted that it gave arbitrators the ability to summon witnesses to appear before the arbitration panel, and to bring documents or other evidence with them. Id. at 6-7. He agreed with the Second and Third Circuits (and, to a degree, the Fourth) that the statute said nothing about an arbitrator's ability to demand production of documents *prior to* the arbitration hearing, and concluded that "in the face of an unambiguous statute, it is inappropriate for a court to read in an implied power simply because in the court's judgment it may make good sense to include such authority." Id. at 9 (citing Life Receivables, 549 F.3d at 216; Hay, 360 F.3d at 409). He reasoned that arbitration was an attractive alternative to litigation in part because of more limited and truncated procedural requirements; when parties choose to take advantage of those more truncated requirements, they must forego some of the more extensive procedures afforded by litigation, such as extensive, fulsome discovery. Id. at 9-10.

Judge Duffin observed that the subject subpoena required Next Level to produce documents in advance of an evidentiary hearing. Id. at 11. Given his prior conclusion about the arbitrator's statutory authority to issue such a subpoena, he concluded that the subpoena was not authorized by 9 U.S.C. §7. Id. Judge Duffin denied the defendant's motion to enforce the subpoena,

4

denied as moot the plaintiff's motion to quash the subpoena and recommended that this court dismiss the complaint as moot. Id. at 13.

Judge Duffin employed reasoning adopted by three appellate courts and followed by other district courts within the Seventh Circuit. The reasoning is based on a reading of the plain language of the FAA. His conclusions were not clearly erroneous.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 18.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**